United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brandi McKay, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-20638-Civ-Scola |
| | ) |
| Miami-Dade County, Defendant. | ) |

**Order on Motion to Strike**

This matter is before the Court on the Plaintiff Brandi McKay's motion to strike the Miami-Dade County's (the "County") Answer and Affirmative Defenses. For the reasons set forth below, the Court **denies** McKay's motion to strike (**ECF No. 14**).

McKay filed suit against the County, claiming that it owes her for unpaid wages under the Fair Labor Standards Act ("FLSA"). (*See* ECF No. 1.) The County filed its Answer and Affirmative Defenses (ECF No. 6) and later its Amended Answer and Affirmative Defenses (ECF No. 13) to attempt to resolve Plaintiff's concerns. Nevertheless, Plaintiff's concerns persisted, and she filed a motion to strike the County's Amended Answer and Affirmative Defenses, which seeks to strike all of the County's separate denials, all language other than the words "Admitted" or "Denied" in the amended answer, and the County's affirmative defenses numbers 1-8. (ECF No. 14.)

Affirmative defenses are not held to the same pleading standard as claims for relief. *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)). The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses. *Id.* at 2–3. An affirmative defense is sufficient as long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue. *Cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1999). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005) (Ryskamp, J.) Despite this discretion, "[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla*, 306

F.2d 862, 868 (5th Cir. 1962)). McKay argues that certain portions of the County's answer do not comply with Federal Rule of Procedure 8(b) and that several affirmative defenses should be stricken.

First, the McKay argues that, under Federal Rule of Civil Procedure 8, the County may not do more than state a denial in any terms other than "denied," except to admit part of the allegation and deny the rest. Therefore, according to the Plaintiff, all explanation following "Denied" or "Admitted" and the separately-stated denials must be stricken. McKay does not cite a single case to support this interpretation of Rule 8. The Court disagrees with Plaintiff's argument. Aside from providing no caselaw to support the proposition that a Defendant may not use any terms aside from "admitted" and "denied" in answering the allegations, Rule 8(b) affirmatively requires a denial to "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Moreover, the County has cited several instances where the Court did not strike explanatory, stand-alone denials even when mislabeled as affirmative defenses. *See Bluewater Trading LLC v. Willmar USA, Inc.*, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2018) (Cohn, J.) (treating negative averment labeled as an affirmative defense as a specific denial and declining to strike it); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (Torres, J.) (same). Therefore, the Court declines to strike these portions of the County's answer. Even if the denials are somewhat redundant, McKay does not allege that the County's denials may cause her prejudice. *See*

Second, McKay argues that several affirmative defenses should be stricken because they are not affirmative defenses to an FLSA violation or they are unsupported by sufficient facts. The Court agrees that the first five affirmative defenses are not proper, but it does not agree that they should be stricken. The first five affirmative defenses allege facts, which allege that McKay knowingly agreed to and contracted for an unpaid intern rather than an employee. (ECF No. 13 at 4.) An affirmative defense "is generally a defense that, if established requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Barnhart v. Am. Home Mortg. Servicing, Inc.*, 2012 WL 366930, at *3 (M.D. Fla. Feb. 3, 2012) (quoting *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999)). A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense but instead are denials. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Therefore, the County's defenses are, in effect, denials and not affirmative defenses. "[W]hen a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *Burns v. City of Cape Coral*, 2011 WL 2222169, *1 (M.D. Fla. June 7, 2011.) Therefore, the Court will not

strike Affirmative Defenses one through five. *JazAtlanta 519 LLC*, 2018 WL 4743634, at *1 ("[a] motion to strike is a drastic remedy, which is disfavored by the courts and will be usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties").

The final three affirmative defenses are proper and should not be stricken. (ECF No. 13 at 4.) Despite the McKay's argument to the contrary, these affirmative defenses are not bare-bones assertions that the County acted in good faith. Instead, affirmative defenses six, seven, and eight explain the factual basis for the County's alleged good faith belief. (*Id.*) The Court will not strike affirmative defenses six, seven, or eight.

In sum, the Court **denies** the Plaintiff's motion to strike (**ECF No. 14**).

**Done and ordered** in chambers in Miami, Florida on May 6, 2020.

Robert N. Scola, Jr.
United States District Judge