UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-20638-CIV-SCOLA

BRANDI MCKAY,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Miami-Dade County, by and through the undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rules 7.1 and 56.1, files this Motion for Summary Judgment seeking judgment as a matter of law and dismissal of both counts in Plaintiff Brandi McKay's Complaint (ECF No. 1).

On February 21, 2020 Plaintiff Brandi McKay initiated this action by filing a Complaint alleging Defendant Miami-Dade County violated the Fair Labor Standards Act of 1938, as amended ("FLSA") by failing to pay her a minimum wage (Count I) and failing to pay her overtime (Count II). (ECF No. 1). The determination of whether Plaintiff is an employee or a volunteer under FLSA is a question of law, and individuals seeking compensation pursuant to the FLSA bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act. Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc., 841 F. Supp. 2d 1274,

1278 (S.D. Fla.), aff'd, 494 F. App'x 940 (11th Cir. 2012) (internal citations and quotations omitted). Miami-Dade County is entitled to judgment as a matter of law because McKay was never a Miami-Dade County employee. Instead, McKay's minimum wage and overtime claims stem from her participation in an unpaid internship program, which she applied for and accepted without any promise or expectation of compensation from Miami-Dade County and which did not constitute employment under the FLSA.

## LEGAL STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Greenberg v. BellSouth Telecommunications, Inc., 498 F.3d 1258, 1263 (11th Cir. 2007) (citations and internal quotations omitted). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1314-15 (11th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

## MEMORANDUM OF LAW

The Fair Labor Standards Act requires every employer pay each of their employees a minimum wage. See 29 U.S.C.A. § 206(a). Employers are also required to pay certain employees at a rate no less than one and one-half times the regular rate for a workweek longer than forty hours. See 29 U.S.C.A. § 207(a).

Neither of these requirements applied to McKay because she was never a Miami-Dade County employee.

Generally, the FLSA defines an "employee" as any individual employed by an employer. See 29 U.S.C.A. § 203(e)(1). But the term "employee" ***does not include*** any individual who volunteers to perform services for a political subdivision of a State, if (i) the individual receives no compensation; and (ii) such services are not the same type of services which the individual is employed to perform for such public agency. See 29 U.S.C.A. § 203(e)(4)(A). There is no dispute that Miami-Dade County is political subdivision of the State of Florida. (ECF No. 1, Complaint at ¶ 4). On April 15, 2019, at the start of her internship, McKay signed and acknowledged a Miami-Dade County Medical Examiner Department Forensic Imaging Preceptorship Program Description. (ECF No. 27-1, Pages 15-20). In doing so, McKay indicated that she understood and agreed to the rules and guidelines stated within the description, which expressly described the Preceptorship as "a volunteer program (no income)". (ECF No. 27-1, Page 18). Miami-Dade County is entitled to judgment as a matter of law because McKay voluntarily entered into the program without any promise of compensation and was never employed to perform the same type of service by Miami-Dade County.

The FLSA cannot be interpreted to create an employment relationship between an individual who, without any express or implied compensation agreement, works to serve their own interest, and the entity providing aid and instruction. See Schumann v. Collier Anesthesia, P.A., 803 F.3d 1199, 1208

(11th Cir. 2015). McKay's participation in the Forensic Imaging Preceptorship Program was entirely motivated by her own personal interest. McKay first learned about the program in 2016, when she was exploring a degree in forensic photography from Barry University. (ECF No. 26-1, McKay Deposition, Pages 18-19). McKay elected to apply for the Forensic Imaging Preceptorship Program instead of applying to Barry (or looking at any other forensic photography degree program) because she "didn't want to go back to another four years of school" and "wasn't trying to go back to school". (ECF No. 26-1, McKay Deposition, Page 22). When McKay entered into the preceptorship program, knowing that it was unpaid for six months and required weekend work, she expected "[j]ust to learn forensic photography and to hopefully get a job afterwards". (ECF No. 26-1, McKay Deposition, Page 95). Miami-Dade County is entitled to judgment as a matter of law because McKay's participation in the preceptorship program was entirely in her own interest.

McKay's participation in the Miami-Dade County Medical Examiner Department Forensic Imaging Preceptorship Program is not subject to the primary beneficiary test applicable to internships with for-profit employers. "Unpaid internships for public sector and non-profit charitable organizations, where the intern volunteers without expectation of compensation, are generally permissible." See Wage & Hour Div., U.S. Dep't of Labor, Fact Sheet #71: Internship Programs Under The Fair Labor Standards Act, n.1 (updated January

2018).[1] However, it is also clear that Miami-Dade County was never the primary beneficiary of McKay's participation in the preceptorship program. In determining the primary beneficiary, no one factor is dispositive, and this Court must engage in a weighing and balancing of all of the circumstances. See Schumann v. Collier Anesthesia, P.A., 803 F.3d 1199, 1211-1212 (11th Cir. 2015). The undisputed facts in this case establish the following factors:

- McKay and Miami-Dade County clearly understand that there was no expectation of compensation.
- The Forensic Imaging Preceptorship Program provided training that was similar to the training McKay would have received from a degree program, except she did not have to pay and the program was much shorter.
- McKay's work did not displace the work of paid staff photographers, while providing McKay with the opportunity to gain proficiency and experience in a program not offered anywhere else in the Country.
- The Forensic Imaging Preceptorship Program was conducted without any representation that McKay would be entitled to a paid job at the conclusion of the program.

Weighing these factors, and the circumstances surrounding McKay's application to and acceptance into the program, it is clear that Miami-Dade County is entitled to judgment as a matter of law. See, e.g. Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831 (11th Cir. 2013) (affirming summary judgment because no genuine issue of fact existed as to internship status of students in externship program); Wang v. Hearst Corp., 877 F.3d 69 (2d Cir. 2017)

---

[1] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs71.pdf

(concluding that magazine interns were not employees for purposes of the FLSA after weighing all factors under a totality of the circumstances).

## CONCLUSION

Brandi McKay applied for and accepted a six-month, non-paying, internship in the Miami-Dade County's Medical Examiner Department Forensic Imaging Preceptorship Program knowing it required more than 40 hours/week. McKay was clear about her motivation for doing so:

> **Q. Did you look at any other forensic photography degree programs?**
> A. No, because I didn't want to go back to another four years of school. There is no other six-month program like this one.
> **Q. Are there programs that last for longer than six months?**
> A. I am sure there are other schools that offer degrees in forensic photography.
> **Q. But you didn't apply to any other schools?**
> A. No, because I wasn't trying to go back to school.

(ECF No. 26-1, Page 22). Although McKay now asks this Court to disregard her expressed motivation and advanced notice of the program requirements, there is no legal or factual basis to do so. Miami-Dade County respectfully requests judgment as a matter of law in its favor.

DATE: July 17, 2020

Respectfully submitted,

ABIGAIL PRICE-WILLIAMS
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: s/ Leona N. McFarlane
Leona N. McFarlane, Bar No. 16501
Assistant County Attorney
Email: leona.mcfarlane@miamidade.gov
Phone: (305) 375-5151
Attorney for Defendant

## CERTIFICATE OF SERVICE

**I hereby certify** that on July 17, 2020 a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below.

s/ Leona N. McFarlane
Assistant County Attorney

## SERVICE LIST

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| Robert S. Norell, Esq. | Leona N. McFarlane |
| E-mail: rob@floridawagelaw.com | Miami-Dade County Attorney's Office |
| ROBERT S. NORELL, P.A. | Stephen P. Clark Center |
| 300 N.W. 70th Avenue | 111 N.W. 1st Street, Suite 2810 |
| Suite 305 | Miami, Florida 33128 |
| Plantation, Florida 33317 | Tel: (305) 375-5151 |
| Telephone: 965-617-607 | Fax: (305) 375-5634 |
|  | Email: leona.mcfarlane@miamidade.gov |