UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20638-CV-SCOLA/TORRES

BRANDI MCKAY,

    Plaintiff,

v.

MIAMI-DADE COUNTY,

    Defendant.

_____/

# REPORT AND RECOMMENDATION
# ON DEFENDANT'S MOTION TO TAX COSTS

This matter is before the Court on Miami-Dade County's ("Defendant") motion for taxable costs against Brandi Mckay ("Plaintiff"). [D.E. 47]. Plaintiff filed a one-page response to the motion on November 23, 2020 [D.E. 48], and Defendant did not file a reply. Therefore, the motion is ripe for disposition.[1] After careful review of the motion, response, and supporting record, the motion should be **GRANTED**.

## I. BACKGROUND

Plaintiff brought this action against Defendant for unpaid minimum wage and overtime violations under the Fair Labor Standards Act. [D.E. 1]. Ultimately, on October 13, 2020, the Court granted summary judgment in favor of Defendant and denied Plaintiff's motion for summary judgment. [D.E. 43]. On November 9, 2020,

---

[1] On November 9, 2020, the Honorable Robert N. Scola, Jr. referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 48].

Defendant timely filed the motion before us seeking an award of taxable costs as the prevailing party in the case. [D.E. 47]. The motion seeks a total of $4,720.98 in taxable costs under 28 U.S.C. § 1920. In response, Plaintiff does not dispute that Defendant is entitled to taxable costs. However, Plaintiff requests that the Court determine whether the costs are reasonable given the Court's judicial acumen.

## II.     APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[2]

---

[2]     The following costs are permitted under 28 U.S.C. § 1920:
  (1)  Fees of the clerk and marshal;
  (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3)  Fees and disbursements for printing and witnesses;
  (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5)  Docket fees under section 1923 of this title;
  (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III.   ANALYSIS

There is no dispute that Defendant is the prevailing party in this action and entitled to recover taxable costs under section 1920. It is equally clear that the Court has subject matter jurisdiction over this case based on the underlying record and that Defendant conferred with Plaintiff under the Local Rules. As such, we need only consider whether Defendant's costs are recoverable under 28 U.S.C. § 1920.

Plaintiff does not make a targeted argument against any of the requested costs but notes that they may appear excessive. We have reviewed the descriptions of the costs requested and the supporting documentation, from which we independently find that they are reasonable and fall within the limited scope of recoverable costs included in section 1920. For instance, Defendant requests $4,321.00 in costs associated with six depositions, which Plaintiff does not dispute were necessary, and thus Defendant's request is reasonable. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1338 (S.D. Fla. 2009) ("Under the statute, recoverable costs include

deposition transcript costs and attendance fees of the court reporter or per diem.") (citing *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007)). In addition, the copying costs of $399.98 included are reasonable in this case given the claims raised and the discovery disputes that ensued.

We conclude that Defendant's motion for taxable costs should be **GRANTED** with a total award of $4,720.98 in taxable costs, plus interest.

## IV. CONCLUSION

For these reasons, we hereby **RECOMMEND** that Defendant's motion for taxable costs [D.E. 47] be **GRANTED** and that Defendant be awarded $4,720.98 in taxable costs.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 18th day of December, 2020.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge